IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSANNE BECKER,<br><br>              Plaintiff,<br><br>vs.<br><br>RANDALL COUNTY COURT,<br><br>              Defendant. | 8:23CV270<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's pro se Complaint, Filing No. 1. Plaintiff, a non-prisoner proceeding pro se, has been given leave to proceed in forma pauperis. Filing No. 5. Also before the Court are Plaintiff's Motion to Appoint Counsel, Filing No. 14, and Motion captioned as a "Request for Transfer Admissions," Filing No. 15. The Court is required to conduct an initial review of in forma pauperis complaints pursuant to 28 U.S.C. § 1915(e)(2).

**I. SUMMARY OF COMPLAINT**

Plaintiff Susanne Becker brings this action against the Randall County Court in Texas. Filing No. 1 at 3. Plaintiff appears to challenge the rulings of a judicial officer and his clerk at the Randall County Court for dismissing Plaintiff's motion for contempt. Filing No. 4. Plaintiff alleges Defendant denied her motion for contempt due to Plaintiff's failure to prosecute. Filing No. 1 at 4. Plaintiff asserts that she could not pursue the motion for contempt because "the court cashed my check to file on hearing and they did not they [sic] refused to move forward and they broke contractual agreement by check." Filing No. 1 at 4. As a result, Plaintiff alleges, she was unable to enforce child support, lost other

property, and suffered emotional harm. Filing No. 1 at 4. She seeks damages in excess of $100 million. Filing No. 1 at 4.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Even construed liberally, Plaintiff's only possible claim attempts to challenge the judgments or decisions of the Randall County Court. This Court lacks jurisdiction over such claims. Only the Supreme Court has the authority to entertain a proceeding to reverse or modify a state court judgment. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *see also* 28 U.S.C. § 1257(a) (granting the United States Supreme Court the power to review final judgments rendered by high courts of a state). In addition, federal courts do not have jurisdiction to review final state court judgments in judicial proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983). Together, these two principles have merged to become the *Rooker-Feldman* doctrine. Plaintiff's Complaint intends to challenge the reasoning underlying state court judgments in a previous state court case. Under the *Rooker-Feldman* doctrine, the Court has no jurisdiction to reverse or modify those state court judgments.

Accordingly, the Court concludes that Plaintiff's Complaint fails to state a claim upon which relief may be granted. The Court will not give Plaintiff an opportunity to amend her Complaint in this case because it is obvious that amendment would be futile.

## V. MOTION TO APPOINT COUNSEL

There is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's

ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 Fed. Appx. 3, 4 (8th Cir. 2021) (unpublished) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)); *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Having carefully considered the record, the Court will not appoint counsel at this time.

### V. "REQUEST TO TRANSFER ADMISSIONS"

Plaintiff's Motion, captioned as a "Request to Transfer Admissions," is largely indiscernible. Plaintiff submitted the Motion in numerous pending cases before the Court, but fails to specify how it is relevant to the present case. Although the Motion asserts Plaintiff is entitled to "reinstatement," it does not identify the nature of the reinstatement or provide a legal basis for seeking relief. Even construed liberally, the Motion lacks a coherent statement of the relief sought and is therefore denied.

### V. CONCLUSION

The Court lacks jurisdiction over Plaintiff's claims pursuant to the *Rooker-Feldman* doctrine. Consequently, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915(e). The Court concludes dismissal without leave to amend is appropriate because further amendment would be futile.

IT IS THEREFORE ORDERED:

1. Plaintiff's Motion to Appoint Counsel, Filing No. 14, is denied.

2. Plaintiff's Motion captioned as a "Request for Transfer Admissions," Filing No. 15, is denied.

3. This action is dismissed without prejudice for lack of jurisdiction.

4. The Court will enter judgment by separate order.

Dated this 12th day of December, 2023.

                                             BY THE COURT:

                                             *Joseph F. Bataillon signature*

                                             Joseph F. Bataillon
                                             Senior United States District Judge